UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINALD SCOTT,

        Petitioner,

    v.

MICHELLE RICCI, et al.,

        Respondents.

Civil No. 10-6168 (SRC)

O P I N I O N

**APPEARANCES:**

Reginald Scott, Pro Se
#293736/201006-C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**CHESLER, District Judge**

    This matter is before the Court on Petitioner's request for a stay and abeyance of his habeas petition, filed pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner will be ordered to show cause as to why his request should be granted.

## BACKGROUND

    Petitioner, Reginald Scott, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 29, 2010. The case was closed due to an administrative issue concerning his filing fee, but that issue was resolved in June of 2011.

This Court has reviewed Petitioner's petition for habeas relief. However, the petition does not state the claims which Petitioner wishes to assert to challenge his state court conviction. Rather, Petitioner asks for an evidentiary hearing, in this Court, to determine if a stay should be granted. He states that his post-conviction relief ("PCR") was remanded in state court, and that it "must legally be exhausted." (Petition, Procedural History).

As Petitioner does not cite his grounds for relief to challenge his state court conviction, this Court cannot determine whether his case is appropriate for a stay, as explained more fully below.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of

available State corrective process[ ] or ... circumstances exist that render such process ineffective ...." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell,

134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. See id. at 277.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. See Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14

4

(3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522. At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[1] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to

---

[1] See 28 U.S.C. § 2244(d).

federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc." ) (citations omitted).[2]

Here, as noted, a stay would be appropriate if Petitioner shows "good cause" as to why the claims were not presented to the state courts, and, if he can show good cause, that the claims are not meritless. The petition does not offer enough information for this Court to make an informed decision on whether or not the claims have merit. Further, from the face of the petition, Petitioner has not shown good cause as to why he did not exhaust these claims. However, this Court finds that Petitioner should

---

[2] The Court of Appeals for the Third Circuit clarified that the Rhines stay and abeyance holding also applies to petitions presenting only unexhausted claims, rather than just "mixed" petitions. See Heleva v. Warden, 581 F.3d 187 (2009).

be granted an opportunity to show cause, in writing, as to why his request for a stay should be granted.

Thus, Petitioner, in accordance with the attached Order, must (1) file a complete, signed application for a petition for a writ of habeas corpus; and (2) demonstrate, in writing, that there was good cause for his failure to exhaust his claims, and that the claims are potentially meritorious, in accordance with Rhines. If Petitioner chooses not to submit said writings, or if the Court, after reviewing the submissions decides that a stay is not warranted, the request for a stay will be denied, and the case will be dismissed, without prejudice, for failure to exhaust state court remedies.

## CONCLUSION

Based on the foregoing, Petitioner will be ordered to show cause as to why his request for a stay should be granted. An appropriate Order accompanies this Opinion.

STANLEY R. CHESLER
United States District Judge

Dated: 2/22/12